O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| OLIVIA HUERTA, ) | Case No. EDCV 10-1095-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Olivia Huerta ("Plaintiff") seeks judicial review of the Commissioner's final decision denying her application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. For the reasons stated below, the Commissioner's decision is reversed, and this action is remanded for further proceedings.

**I. Factual and Procedural Background**

Plaintiff was born on November 19, 1966. (Administrative Record ("AR") at 45). She has relevant work experience as a food server, bakery supervisor, checker, and office helper. (AR at 10).

Plaintiff protectively filed an application for DIB on June 23, 2006, alleging that she has been disabled since July 18, 2005, due to multiple cervical discopathies, multiple disc protrusions in the lumbar spine, depression, shoulder pain, knee pain, and anxiety. (AR at 10, 187). The Social Security Administration denied Plaintiff's application initially and on reconsideration. (AR at 76-79, 81-85).

An administrative hearing was held before Administrative Law Judge Lowell Fortune ("the ALJ") on August 6, 2008, and was continued on October 31, 2008, and January 30, 2009. (AR at 18-72). Plaintiff, who was represented by counsel, testified at the hearings. (AR at 21-38, 45-53, 57-61). A vocational expert also testified at the hearings. (AR at 38-41, 65-70). The ALJ issued a decision on June 26, 2009, denying Plaintiff's application. (AR at 10-17). The ALJ found that Plaintiff: (1) has not engaged in substantial gainful activity since her alleged onset date (step 1); (2) suffers from severe impairments including disorder of the cervical, thoracic and lumbar spine, left shoulder disorder, bilateral knee disorder, depressive disorder and adjustment disorder (step 2); (3) does not have any impairments that meet or equal the criteria of a listed impairment (step 3); (4) has a residual functional capacity ("RFC") to perform a limited range of medium work;[1] and (5) is able to perform her past relevant work as a food server,

---

[1] Specifically, the ALJ found that Plaintiff is able to lift and carry 25 pounds frequently and 35 pounds occasionally, sit for six hours in an eight-hour workday, and stand and/or walk for six hours in an eight-hour workday. (AR at 16). The ALJ further found that Plaintiff is limited to low stress work and is precluded from engaging in the following: climbing scaffolds, ropes and ladders; repetitive head/neck motion; reaching with the left upper extremity; repetitive reaching at or above shoulder level with the dominant right hand; and work involving concentrated exposure to vibration, dangerous or fast machinery and unprotected heights. (AR at 14-15, 17).

checker, and office helper (step 4). (AR at 14-17). The Appeals Council denied review on May 26, 2010. (AR at 1-3).

Plaintiff commenced this action for judicial review on July 27, 2010. The parties filed a Joint Stipulation identifying the disputed facts and legal issues on February 10, 2011. Plaintiff contends that the ALJ failed to give proper consideration to the medical evidence and her subjective symptom testimony. Plaintiff seeks remand for further administrative proceedings. (Joint Stipulation at 19-20). The Commissioner requests that the ALJ's decision be affirmed. (Joint Stipulation at 20). The Joint Stipulation has been taken under submission without oral argument.

**II. <u>Standard of Review</u>**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. *Lingenfelter*, 504 F.3d at 1035 (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either

affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id*. at 720-721.

**III. DISCUSSION**

    **A.  Examining Physician's Opinion**

Plaintiff contends that the ALJ improperly rejected the work-related limitations identified by orthopedic surgeon Thomas W. Jackson, M.D. (AR at 504-22).

While working at a grocery store, Plaintiff suffered injuries to her left shoulder, low back, mid-back, and neck. (AR at 505). In February 2007, Dr. Jackson was retained in Plaintiff's workers' compensation case as an Agreed Medical Examiner. (AR at 504-22). Dr. Jackson diagnosed Plaintiff with disc bulges in the cervical spine, left shoulder rotator cuff tendinitis, disc protrusion in the thoracic spine, degenerative disc disease of the lumbar spine, facet spondylosis associated with bilateral lower extremity radiculitis, and mild to moderate exogenous obesity. (AR at 516). Based on these conditions, Dr. Jackson identified a number of work restrictions. (AR at 518). With respect to the use of the left arm at or above shoulder level, Dr. Jackson found that Plaintiff was precluded from engaging in "repetitive movements," "heavy lifting," "heavy pushing," and "heavy pulling." (AR at 518). Dr. Jackson also found that Plaintiff was precluded from "heavy work" and "prolonged sitting and prolonged working in a stationary standing position," due to her thoracic and lumbar spine impairments. (AR at 518).

The ALJ interpreted Dr. Jackson's restrictions to be consistent with a limited range of medium work, including the ability to lift and carry 25 pounds frequently and 35 pounds occasionally, sit for six hours

in an eight-hour workday, and stand and/or walk for six hours in an eight-hour workday. (AR at 17). However, as noted above, Dr. Jackson precluded Plaintiff from engaging in "heavy work" and "heavy lifting" with the left arm at or above shoulder level. (AR at 518). The California Guidelines for Work Capacity indicate that a disability precluding "heavy lifting" "contemplates that the individual has lost approximately half of his pre-injury capacity for lifting." *See Glass v. Workers' Comp. Appeals Board*, 105 Cal.App.3d 297, 302, n.1 (1980). Plaintiff performed her prior work at the medium level, which required lifting up to 50 pounds at a time. (AR at 66, 195); 20 C.F.R. § 404.1567(c). Given Dr. Jackson's preclusion against heavy work and heavy lifting, Plaintiff's lifting ability would have been reduced by one half, resulting in a maximum lifting ability of 25 pounds occasionally. *Glass*, 105 Cal.App.3d at 302, n.1. Thus, the ALJ's conclusion that Plaintiff was capable of lifting 25 pounds frequently and 35 pounds occasionally was clearly in conflict with Dr. Jackson's opinion.

Plaintiff asserts that the ALJ erred by disregarding Dr. Jackson's opinion on work limitations. (Joint Stipulation at 4; AR at 518). The Commissioner responds that the ALJ was not required to address every piece of evidence, and was not obligated to accept all of Dr. Jackson's findings. (*See* Joint Stipulation at 8). The Commissioner further notes that a residual functional capacity assessment for medium work was consistent with the opinions of one of the examining physicians, Jeff Altman, M.D., and two state agency reviewing physicians. (Joint Stipulation at 9; AR at 280, 283-87, 298-99).

It is well settled that an ALJ must provide specific and legitimate reasons supported by substantial evidence in the record before rejecting a controverted examining physician's opinion. *Lester v. Chater*, 81 F.3d

821, 830-31 (9th Cir. 1996). The opinions of non-examining physicians cannot by themselves constitute substantial evidence that justifies the rejection of the opinion of either an examining physician. *Id.* at 831. Here, in assessing Plaintiff's residual functional capacity, the ALJ claimed to give Dr. Jackson's medical opinion the "most weight." (AR at 15). The ALJ did not reject Dr. Jackson's opinion in favor of the other examining and non-examining physicians's opinions. (AR at 12). Because the ALJ did not provide any reasons for rejecting Dr. Jackson's opinion, the decision to deny benefits is not supported by substantial evidence. *Lester*, 81 F.3d at 830-31.[2]

**IV.  Conclusion**

In sum, the ALJ failed to give proper consideration to Dr. Jackson's opinion. As the record needs further development with respect to this opinion as well Plaintiff's true exertional ability, remand for further proceedings is warranted. *See Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).[3]

---

[2]  The court further notes that although Plaintiff's prior work as a checker (Dictionary of Occupational Titles "DOT" 369.687-014), office worker (DOT 239.567-010), and food server (DOT 311.477-030) may be performed at the light level, those jobs all require frequent reaching, which is inconsistent with Plaintiff's residual functional capacity. (AR at 15, 17, 196-97).

[3]  Because the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issue raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court recommends, however, that the ALJ consider all of Plaintiff's arguments when determining the merits of her case on remand.

Accordingly, **IT IS HEREBY ORDERED** that this action is remanded for further proceedings consistent with this Memorandum Opinion.

DATED: March 9, 2011

_____
MARC L. GOLDMAN
United States Magistrate Judge

7